UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BEEBE,

        Plaintiff,

v.

        Case No. 08-14995
        Honorable David M. Lawson
        Magistrate Judge Michael J. Hluchaniuk

THOMAS BIRKETT, TIM BEAVERS,
WILLIE O. SMITH, GERRY WYMA,
and DAVE BURNETT,

        Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, OVERRULING IN PART DEFENDANTS' OBJECTIONS
TO REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, OVERRULING
DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDER,
AND CONTINUING ORDER OF REFERENCE**

The matter is before the Court on the objections by some of the defendants to the report and recommendation filed by Magistrate Judge Michael J. Hluchaniuk recommending that the defendants' motion for summary judgment be granted in part and denied in part. The Court entered a general order of reference to conduct all pretrial matters, after which the defendants filed their motion. Judge Hluchaniuk filed his report on February 22 2010. The defendants filed timely objections and the matter is before the Court for a *de novo* review. The plaintiff has not objected to the report and recommendation, and the time for doing so has expired.

The facts of the case have been discussed thoroughly by the magistrate judge in his report. The defendants have not objected to the factual recitations. For context, the case was brought by plaintiff Michael Beebe, a former Michigan prisoner, who alleged that the defendants denied him access to a Kosher Meal Program and to Jewish religious services in violation of his rights under

the Free Exercise Clause of the First Amendment while he was incarcerated. Beebe served his prison sentence at Carson City Correctional Facility ("DRF"), Ionia Maximum Correctional Facility ("ICF"), and Standish Maximum Correctional Facility ("SMF"). The complaint states claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The defendants are Thomas Birkett, the warden at SMF; Timothy Beavers, a prison chaplain at SMF; Willie O. Smith, the warden at ICF; Gerry Wyma, a prison chaplain at ICF; and Dave Burnett, retired Michigan Department of Corrections ("MDOC") Facilities Special Activities Coordinator.

Beebe alleges that on March 25, 2002, while at DRF, he identified his religious preference as Judaism. On April 2, 2002, Special Activities Coordinator Burnett denied Beebe's kosher meal request. Beebe re-applied to the Program as allowed one year later, and his request was approved. Beebe kept kosher at DRF until he was paroled on May 19, 2004. He violated parole and on June 30, 2004 was sent to Charles Egeler Reception and Guidance Center, where he says his repeated written requests for a kosher meal program were ignored. On August 18, 2004, Beebe was transferred to ICF, where he was placed in Administrative Segregation for approximately one year. He says he repeatedly wrote to Warden Smith and Chaplain Wyma for access to the Kosher Meal Program, but Smith and Wyma claim no knowledge of these requests. On June 1, 2005, Beebe was released from Administrative Segregation and contacted Special Activities Coordinator Burnett about the Kosher Meal Program. Burnett claims, however, that his only correspondence with Beebe occurred on October 8, 2004, when he wrote to Beebe to renew his request for the meal program. Beebe renewed his request for kosher meals without success one more time in January 2008, and then filed a grievance later that month. Eventually he was transferred to SMF in April 2008.

The plaintiff alleges that no Jewish group services were held at SMF between April 9, 2008 and October 10, 2008 for general population prisoners because the minimum number required by prison regulations had not expressed interest. Weekly services were conducted thereafter except on October 24, 2008, when Chaplain Beavers cancelled them due to a mistake.

The defendants moved for summary judgment on Beebe's section 1983 claims. They argued that 1) Beebe's claims are not viable because the MDOC's kosher meal regulation policy is facially constitutional; 2) Beebe's Kosher Meal Program claims are time-barred; 3) Beebe's religious services claims did not amount to a constitutional violation; 4) Wardens Birkett and Smith should be dismissed from the suit because they were not personally involved in the claims alleged; 5) the defendants are entitled to immunity under the Eleventh Amendment; and 6) the defendants are entitled to qualified immunity. The defendants did not address the RLUIPA claim in their motion.

Judge Hluchaniuk read Beebe's complaint to be an as-applied challenge to the kosher meal policy directive and recommended that the defendants' motion be denied because they failed to address how the application of the policy affected Beebe specifically. Second, the magistrate judge suggested that all of Beebe's section 1983 claims accruing before December 2, 2005 are time-barred under the applicable three-year statute of limitations. Third, concerning the religious services claims, the defendants argued that any alleged violations were negligent and temporary only, such that they did not constitute a constitutional violation under section 1983. The magistrate judge agreed. The magistrate judge also agreed that Wardens Smith and Birkett should be dismissed from this suit because they were not personally involved in the alleged violations, since section 1983 supervisory liability cannot be predicated on *respondeat superior* and there was no evidence that these defendants were personally involved in the alleged constitutional violations. Finally, Judge

Hluchaniuk suggested that the defendants sued in their official capacity are entitled to immunity under the Eleventh Amendment, but they are not entitled to qualified immunity in their individual capacity because the right of a prisoner to a kosher meal program is clearly established and facts issues preclude summary judgment on that issue concerning the application of the MDOC's policy to the plaintiff.

The defendants raise three objections. First, they argue that Beebe's complaint was a *facial* challenge to the kosher meal policy, not an as-applied challenge, and they accuse the magistrate judge of impermissibly re-writing the complaint to "construct the plaintiff's legal arguments for him" and "conjure up unpled allegations," assuming an advocacy role. Second, the defendants argue that the recommendation that summary judgment be denied as to all defendants on the First Amendment kosher meal claims that accrued after December 2, 2005 contradicts his recommended dismissal of Wardens Smith and Birkett from the case. Third, the defendants contend that Beebe's claims are moot insofar as he seeks an injunction mandating his placement into the Kosher Meal Program because Beebe is no longer in MDOC custody.

Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

As noted above, the plaintiff has not filed objections, so the Court will adopt that portion of the recommendation that grants the motion for summary judgment as to all defendants in their official capacity, as to defendants Smith and Birkett on all claims, and as to the plaintiff's pre-December 2, 2005 kosher meal claims. The defendants' objections do not address the denial of qualified immunity, and the Court adopts that aspect of the report and recommendation as well.

The defendants' first objection — that the magistrate judge read the complaint too generously to include an as-applied challenge to the kosher meal policy — is untenable. "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The complaint still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and a court may not rewrite a complaint to include claims that were never presented, *cf. Clark*

*v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), there can be little question that the plaintiff's complaint can be read reasonably to state an as-applied challenge to the policy.

"In an as-applied challenge, 'the plaintiff contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional.'" *Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 194 (6th Cir. 1997) (quoting *Ada v. Guam Soc'y of Obstetricians & Gynecologists*, 506 U.S. 1011, 1012 (1992) (Scalia, J., dissenting)). Beebe requested the following relief in his complaint:

> A. Ordering Defendants(s) to provide Plaintiff access to the Defendant's "Kosher Meal Program".
>
> B. Ordering Defendant(s) to provide Plaintiff access to the Standish Maximum Correctional Facilities weekly Jewish services.
>
> C. Ordering Defendant(s) to provide Plaintiff access to any and all recognized Jewish holiday activities, (i.e., Passover and Seder).
>
> D. Ordering Defendant(s) to stop violating Plaintiff's Constitutionally protected religious rights, by Ordering them to discontinue using their Policy Directive 05.03.150, where the Policy directly violates Plaintiff's rights by requiring him to wait one year to re-apply for Kosher Meal Program if denied.
>
> E. Ordering Defendant(s) to stop violating Plaintiff's Constitutionally protected religious rights, by Ordering them to discontinue using their Operating Procedure 05.03.150-A, where the Procedure directly violates Plaintiff's rights by forcing him to submit to questioning to obtain approval, where the fact that he submitted a "Declaration of Religion Preference form" should be sufficient enough to prove that he is Jewish and therefore proof enough that he needs access to the "Kosher Meal Program".

Compl. at 14. These statements constitute a claim that the manner in which the defendants applied the policy to the plaintiff violated his constitutional rights, as the magistrate judge correctly observed. The defendants' argument that the plaintiffs' section 1983 claim is confined to a facial challenge to the prison policy directive is meritless.

In addition, the First, Third, and Seventh Circuits have held that RLUIPA claims are necessarily as-applied challenges because the RLUIPA itself states that prisons cannot "impose a substantial burden on the religious exercise of a person residing in . . . an institution . . . *even if the burden results from a rule of general applicability*." 42 U.S.C. § 2000cc-1(a) (emphasis added). *See Spratt v. R.I. Dep't of Corr.*, 482 F.3d 33, 39, 40 n.9, 41 (1st Cir. 2007) (rejecting the prison's "all or nothing" argument and finding that the prison "must . . . establish that prison security is furthered by barring [the individual] from engaging in" the disputed conduct); *Washington v. Klem*, 497 F.3d 272, 285 (3d Cir. 2007) (noting that RLUIPA requires an assessment of whether the government action is the least restrictive means as applied to the individual); *Koger v. Bryan*, 523 F.3d 789, 796 (7th Cir. 2008) (noting that RLUIPA, unlike the Free Exercise Clause, requires individualized review); *see also Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 430-31 (2006) (determining that RFRA, RLUIPA's predecessor, requires individualized review). The defendants have the burden of demonstrating that the policy directive is the least restrictive means to achieve security *as applied* to Beebe. Beebe's complaint is therefore an as-applied challenge under RLUIPA.

The defendants' second objection is that the report and recommendation contradicts itself with respect to the claims against defendants Smith and Birkett. It does not. The magistrate judge plainly recommends "that defendants Smith and Birkett be **DISMISSED** from the matter with prejudice." R&R at 29. As noted earlier, the plaintiff did not object to that recommendation, and the Court adopts it.

The defendants' third objection has merit. Injunctive and declaratory relief is moot when a prisoner is released from a correctional facility. *Dellis v. Corrs. Corp of Am.*, 257 F.3d 508, 510

n.1 (6th Cir. 2001). Beebe is no longer in MDOC custody; he was paroled on November 5, 2009. Therefore, his request for injunctive and declaratory relief is moot. However, he seeks compensatory and punitive damages against the remaining defendants, and those claims endure.

Also before the Court is the defendants' objection to the magistrate judge's order denying in part the defendants' motion to stay discovery until the summary judgment motion has been adjudicated. The Court finds that the magistrate judge's order is not clearly erroneous, and the entry of the present order moots those objections in any event.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #36] is **ADOPTED**.

It is further **ORDERED** that the defendants' objections to the magistrate judge's report and recommendation [dkt #37] are **OVERRULED IN PART**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt #17] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** as to defendants Thomas Birkett and Willie O. Smith on all claims against them, and as to the remaining defendants as to the plaintiffs' claims involving religious services and the Kosher Meals Program against them in their official capacity, **ONLY**.

It is further **ORDERED** that the plaintiff's claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act involving the Kosher Meal Program accruing before December 2, 2005 are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the defendants' motion for summary judgment [dkt #17] is **DENIED** in all other respects.

It is further **ORDERED** that the defendants' objections to the magistrate judge's order denying in part the defendants' motion to stay discovery [dkt #33] are **OVERRULED**.

It is further **ORDERED** that the matter is referred to Magistrate Judge Michael J. Hluchaniuk under the previous reference order [dkt #5] to ready the matter for trial and to conduct a trial if the parties consent under 28 U.S.C. § 636(c)(1).

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: September 3, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 3, 2010.

s/Teresa Scott-Feijoo<br>
TERESA SCOTT-FEIJOO

---